IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEON A. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV519 |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KELLY STEENBOCK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Deon Stewart, who is incarcerated at the Lincoln Correctional Center, has been granted leave to proceed in forma pauperis. (Filing 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action requesting money damages and a "resentenc[ing] . . . for . . . less time." (Filing 1 at CM/ECF pp. 6-7.) He alleges that the defendant, the Douglas County Public Defender, failed to raise his insanity at his plea hearing, his presentence investigation was not complete at the time of his plea, and the "presentence investigator" was not in court when Plaintiff pled guilty. Plaintiff says his lawyer and the judge could have given him "a better deal." (Filing 1 at CM/ECF p. 6.)

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

## III.  ANALYSIS

Plaintiff's allegations all relate to errors committed in his plea hearing which led to a sentence that Plaintiff believes is too long.  A judgment in favor of Plaintiff on his § 1983 claims would "necessarily imply the invalidity of his . . . sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In order to recover damages for an invalid sentence,

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.  *See also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (challenges "to particulars affecting [a sentence's] duration are the province of habeas corpus" (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); further, where success of a § 1983 damages action would question the duration of a sentence, "the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence").

Because Plaintiff has failed to allege that his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff's claims must be dismissed without

2

prejudice[1] pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a claim upon which relief can be granted.[2]

IT IS ORDERED:

1.      This case is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a claim upon which relief can be granted; and

2.      Judgment shall be entered by separate document.

DATED this 10th day of March, 2017.

> BY THE COURT:
> s/ *Richard G. Kopf*
> Senior United States District Judge

---

[1]*Gautreaux v. Sanders*, 395 F. App'x 311, 312, 2010 WL 3894619 (8th Cir. 2010) (dismissal of claims under *Heck v. Humphrey* should be without prejudice so plaintiff can refile if he satisfies the *Heck* requirements) (citing *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995)).

[2] *In re Jones*, 652 F.3d 36, 38-39 (D.C. Cir. 2011) (dismissal based on *Heck* is a failure to state a claim under § 1915(g) and constitutes a strike under Prison Litigation Reform Act); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (dismissal under *Heck* is for failure to state a claim; the fact that the court provided additional reasons for dismissal of some parties did not prevent the dismissal from being counted as a strike); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (complaint dismissed under *Heck* properly dismissed for failure to state a claim).